Bart J. LaMont
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4685
Fax: (406) 657-6058
Email: bart.lamont@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| YVONNE STANLEY, as Guardian of Thomas Ball,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1–10,<br><br>Defendant. | CV-26-291-GF-WWM<br><br>UNITED STATES' ANSWER TO COMPLAINT |

Defendant United States of America hereby responds to Plaintiff's Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 1 of the Complaint.

2. In response to the allegations contained in Paragraph No. 2 of the Complaint, mistakenly labeled Paragraph No. 1, Defendant admits the Court has exclusive jurisdiction over claims properly asserted under the Federal Tort Claims Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 2 of the Complaint.

3. In response to the allegations contained in Paragraph No. 3 of the Complaint, mistakenly labeled Paragraph No. 2, Defendant admits the Court has jurisdiction over claims brought under 28 U.S.C. § 1346(b).

4. In response to the allegations contained in Paragraph No. 4 of the Complaint, mistakenly labeled Paragraph No. 3, Defendant admits venue is proper.

5. The allegations contained in Paragraph No. 5 of the Complaint, mistakenly labeled Paragraph No. 4, are not directed toward Defendant and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. In response to the allegations contained in Paragraph No. 6 of the Complaint, mistakenly labeled Paragraph No. 5, Defendant admits that Plaintiff submitted an administrative tort claim, which was received on February 12, 2026. Defendant denies allegations that the government has not acted on the claims and

specifically avers that Plaintiff did not respond or provide the additional information requested in writing on March 12, 2026, which was necessary to make a determination. Defendant denies all remaining allegations.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 7 of the Complaint, mistakenly labeled Paragraph No. 6.

8. In response to the allegations contained in Paragraph No. 8 of the Complaint, mistakenly labeled Paragraph No. 7, Defendant admits upon information and belief that Thomas Ball presented to the Fort Belknap Service Unit of the Indian Health Service three times in November 2025. Defendant also admits that his medical records at that time note that Mr. Ball was a Type II diabetic. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph No. 9 of the Complaint, mistakenly labeled Paragraph No. 8.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 10 of the Complaint, mistakenly labeled Paragraph No. 9.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 11 of the Complaint, mistakenly labeled Paragraph No. 10.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 12 of the Complaint, mistakenly labeled Paragraph No. 11.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 13 of the Complaint, mistakenly labeled Paragraph No. 12.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 14 of the Complaint, mistakenly labeled Paragraph No. 13.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 15 of the Complaint, mistakenly labeled Paragraph No. 14.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 16 of the Complaint, mistakenly labeled Paragraph No. 15.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Complaint, mistakenly labeled Paragraph No. 16.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Complaint, mistakenly labeled Paragraph No. 17.

19. Defendant denies Plaintiff is entitled to the relief requested in her demand for judgment and damages.

20. Defendant denies any remaining allegation in the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the Facts and circumstances giving rise to the Complaint become known through the course of this litigation.

1. The complaint fails to state a claim upon which relief can be granted.

2. The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope of employment.

3. No acts or omissions by Defendant were the proximate cause of any injury to Thomas Ball.

4. To the extent Thomas Ball's own actions caused or contributed to the injuries raised in the Complaint, Plaintiff's recovery, if any, is reduced or barred on

the basis of contributory negligence and/or apportionment under Mont. Code Ann. §§ 27-1-702 and 27-1-703.

5. Any injuries or damages sustained by Plaintiff, were due in whole or part to the negligent acts or omissions of others, known or unknown, over whom Defendant had no control.

6. The injuries, damages, and losses alleged in the Complaint were proximately caused by the superseding and intervening acts of third parties, known or unknown, over whom Defendant exercised no supervision or control.

7. Mont. Code Ann. § 27-1-308 limits any potential recovery and provides for collateral source offset.

8. Plaintiff's claims for damages are limited to damages recoverable under 28 U.S.C. § 2674, Mont. Code Ann. §§ 25-9-411, and under applicable portions of Montana law.

9. The court lacks subject matter jurisdiction to the extent Plaintiff has failed to exhaust administrative remedies and/or pursues claims not encompassed in her administrative tort claim. 28 U.S.C. § 2675(a).

10. The Court lacks subject matter jurisdiction over this action under one or more exceptions to the Federal Tort Claims Act under 28 U.S.C. § 2680.

11. Plaintiff is not entitled to pre-judgment or post-judgment interest.

12. Attorney fees are taken out of the judgment or settlement and are governed by statute, and payment of any judgment is subject to the availability of appropriated funds. 28 U.S.C. §§ 2672 & 2678.

13. A jury trial is not available under 28 U.S.C. § 2402.

14. All of Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*.

15. Plaintiff's claims are barred to the extent she or Thomas Ball failed to mitigate damages.

16. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act. 28 U.S.C. §§ 2674 & 2675(b).

17. The alleged damages were the result of Thomas Ball's pre-existing conditions, or the progression thereof, and not a result of the care and conduct of Defendant.

18. Any future damages are subject to the provisions of Mont. Code Ann. § 25-9-412.

19. The damages claimed by Plaintiff are not the result of conduct, care, or treatment attributable to Defendant under the Federal Tort Claims Act.

20. Defendant asserts that it has, or may have, additional affirmative defenses that are not known at this time, but may be ascertained through discovery.

Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss this action and grant such further relief as it deems just and proper.

DATED this 10th day of November, 2026.

SCOTT TWITO
United States Attorney

/s/ Bart J. LaMont
Assistant U.S. Attorney
Attorney for Defendant